## M. Carter and Flossie Carter, Appellants, v. Herrin Loan and Improvement Association and Mae C. Smith, Appellees.

Opinion filed January 4, 1935.

D. F. Moore, of Benton, for appellants.

T. B. F. Smith, of Carbondale, for appellees.

Mr. Justice Stone delivered the opinion of the court.

This is a petition by appellants for leave to file notice of appeal from a decree of the circuit court of William-

son county dismissing appellants' bill to redeem and for injunction for want of equity. The decision of the trial court was rendered on May 4, 1934. At that time the Civil Practice Act governing the procedure on appeal was in force. An appeal was prayed according to the procedure under the Practice Act of 1907. Said appeal was granted upon appellants filing their bond in the sum of $500 within 30 days from said date. The appeal bond was filed and approved within that time. It appears that all necessary steps were taken to perfect the appeal according to the old Act.

With the coming of the Civil Practice Act the old system of perfecting appeals passed on. Under the Act in effect at the time the decree in this case was rendered the only way to perfect an appeal was by filing a notice of appeal within 90 days from the rendition of the judgment or decree to be reviewed. A copy of the notice of appeal must be served upon the appellee within five days of its filing, but not later than 90 days after the entry of the judgment or decree. Section 76 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 204, provides in part as follows: "No appeal shall be taken to the Supreme or Appellate Court after the expiration of 90 days from the entry of the order, decree, judgment or other determination complained of." Rule 1 of our Supreme Court provides as follows: "All provisions of the Civil Practice Act with respect to review in civil proceedings by the Supreme or Appellate Courts shall apply to orders, determinations, decisions, judgments or decrees entered by trial courts on or after January 1, 1934." Appellants did not follow the statute which the above rule prescribes as necessary. We are aware of some confusion in regard to the application in the beginning of this new procedure in reference to the perfecting of appeals. We would be inclined to take this into consideration were it not that the one part of the statute which makes provision for just such errors as occurred in this case has also been ignored. Section 76 further provides: "But notice of appeal may be filed after the

expiration of said 90 days, and within the period of one year, by order of the reviewing court, upon motion and notice to adverse parties, and upon a showing by affidavit that there is merit in appellant's claim for an appeal and that the delay was not due to appellant's culpable negligence."

Appellants have not complied with this part of the statute. They have therefore disregarded the rules of the Supreme Court, the statute which gives specific directions as to how to proceed in cases of appeal, and the further section of the statute which directs what to do in case of mistake in the first instance. Appellants have not put themselves in a position to deserve the consideration of the court on their petition for leave to file notice of appeal, even if the court now had power to allow it.

The petition for leave to file notice of appeal is denied.

*Petition denied.*